UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC.,<br><br>　　　　　　Plaintiff,<br><br>　　- vs -<br><br>ELISHA COLLINS,<br>a/k/a ELISHA COLLINS SALTER,<br>individually and<br>d/b/a SNOOKIE'S EVENTS & MORE,<br>d/b/a SNOOKIE'S BAR & GRILL, and<br>d/b/a SNOOKIE'S, and<br><br>CEDRICK WAYNE SALTER,<br>a/k/a WAYNE SALTER, individually and<br>d/b/a SNOOKIE'S EVENTS & MORE,<br>d/b/a SNOOKIE'S BAR & GRILL, and<br>d/b/a SNOOKIE'S,<br><br>　　　　　　Defendants. | CASE NO.: |

## **COMPLAINT**

Plaintiff, JOE HAND PROMOTIONS, INC., by and through its attorney, as and for its Complaint against Defendants, (1) ELISHA COLLINS, *also known as* ELISHA COLLINS SALTER, individually, *doing business as* SNOOKIE'S EVENTS & MORE, *doing business as* SNOOKIE'S BAR & GRILL, and *doing business as* SNOOKIE'S, and (2) CEDRICK WAYNE SALTER, *also known as* WAYNE SALTER, individually, *doing business as* SNOOKIE'S EVENTS & MORE, *doing business as* SNOOKIE'S BAR & GRILL, and *doing business as* SNOOKIE'S (collectively, "Defendants") alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) as this civil action is brought under the Communications Act of 1934, as amended, 47 U.S.C. § 553 (generally referred to as "Cable Piracy") and 47 U.S.C. § 605 (generally referred to as "Satellite Piracy").

2. Venue is proper in this District because a substantial part of the events giving rise to the claims occurred in this District.

## THE PARTIES

3. Plaintiff, JOE HAND PROMOTIONS, INC. is a corporation organized and existing under the laws of Pennsylvania with its principal place of business located at 213 W. St. Rd., Feasterville, Pennsylvania 19053. Plaintiff held the exclusive commercial license to distribute and authorize the public exhibition of the audiovisual closed-circuit broadcast of the *Errol Spence Jr. vs. Danny Garcia* boxing match, including all undercard bouts and commentary, telecast on December 5, 2020 (the "Spence-Garcia Program") for businesses such as the business made the basis of this case. In addition, Plaintiff held the exclusive commercial license to distribute and authorize the public exhibition of the audiovisual closed-circuit broadcast of the *Floyd Mayweather vs. Logan Paul* boxing match, including all undercard bouts and commentary, telecast on June 6, 2021 (the "Mayweather-Paul Program") for businesses such as the business made the basis of this case. The Spence-Garcia Program and the Mayweather-Paul Program shall be referred to collectively as the "Programs." When used herein, the phrase "on the dates of the Programs" refers to December 5, 2020 and June 6, 2021.

4. Defendant, ELISHA COLLINS

    a. is an individual who resides in the State of Texas,

    b. is also known as "Elisha Collins Salter,"

    c. may be served at 3900 Investor Dr., Apt. 726, Dallas, Texas 75237 or wherever found,

    d. conducted business as "Snookie's Events & More" on the dates of the Programs,

    e. conducted business as "Snookie's Bar & Grill" on the dates of the Programs,

    f. conducted business as "Snookie's" on the dates of the Programs,

    g. owned, operated, maintained, and controlled the commercial business known as Snookie's Events & More/Snookie's Bar & Grill/Snookie's located at 4041 W. Wheatland Rd., Suite 152, Dallas, Texas (the "Establishment") on the dates of the Programs,

    h. had a right and ability to supervise the activities of the Establishment on the dates of the Programs, and

    i. had an obvious and direct financial interest in the activities of the Establishment on the dates of the Programs.

5. Defendant, CEDRICK WAYNE SALTER

    a. is an individual who resides in the State of Texas,

    b. is also known as "Wayne Salter,"

    c. may be served at 3900 Investor Dr., Apt. 726, Dallas, Texas 75237 or wherever found,

    d. conducted business as "Snookie's Events & More" on the dates of the Programs,

    e. conducted business as "Snookie's Bar & Grill" on the dates of the Programs,

    f. conducted business as "Snookie's" on the dates of the Programs,

    g.    owned, operated, maintained, and controlled the Establishment on the dates of the Programs,

    h.    had a right and ability to supervise the activities of the Establishment on the dates of the Programs, and

    i.    had an obvious and direct financial interest in the activities of the Establishment on the dates of the Programs.

## FACTS

6.    Plaintiff is a company that specializes in distributing and licensing premier sporting events to commercial, non-residential establishments including bars, restaurants, clubhouses, shops, and similar locations. By written agreements, Plaintiff was granted the sole and exclusive license to distribute the public displays of the Programs to businesses such as the Establishment. The respective broadcasts of the Programs originated via satellite uplink and were subsequently re-transmitted interstate to cable systems and satellite television companies via satellite signal. The interstate satellite transmissions of the Programs were electronically coded or scrambled and were not available to or intended for the free use of the general public on the respective scheduled dates of the broadcasts of the Programs.

7.    Plaintiff entered into subsequent agreements with various commercial establishments in the State of Texas that, in exchange for a fee for each of the Programs, allowed them to exhibit the Programs to their patrons. In consideration of the aforementioned agreements, Plaintiff expended substantial monies to market, advertise, promote, administer and transmit the Programs to those establishments in the State of Texas.

8.    The Spence-Garcia Program and the Mayweather-Paul Program were each legally available to the Defendants for exhibition in their Establishment only after paying a commercial sublicense fee for each of the Programs to Plaintiff, which fee was determined by the capacity of the Establishment. Defendants, however, chose not to contract with Plaintiff and pay the proper

commercial sublicense fees to Plaintiff. Instead, Defendants, themselves and/or through their agents, servants, and/or employees, took affirmative steps to circumvent the commercial sublicensing requirement for each of the Programs and unlawfully obtained the Programs via satellite signals or, in the alternative, via cable signals, whether by misuse of television services, internet, or other devices.

9. In an effort to avoid paying the proper commercial sublicense fees to Plaintiff, methods used by commercial locations to unlawfully obtain the broadcasts of the Programs include, but are not limited to, the illegal misuse of cable and satellite services by: (1) intercepting and redirecting cable or satellite services from a nearby residence, (2) registering their business location as a residence, (3) physically moving a cable or satellite receiver from a residence to their business, and/or (4) obtaining the Programs in violation of the terms of their television service provider agreement.

10. By way of further example, commercial locations also exploited restricted online access to the Programs in order to avoid paying the proper commercial sublicense fees to Plaintiff. Individual consumers could stream the Programs through a limited number of legitimate online distributors but only for *non-commercial use*. The website of each legitimate online distributor carried clear language limiting use of an online stream to residential, personal, and/or non-commercial use only. Undeterred, commercial locations would purchase the Programs for viewing on a personal device or in a residence, then proceed to link this device to the establishment's television screen(s) to unlawfully exhibit the Programs commercially.

11. The Spence-Garcia Program and the Mayweather-Paul Program were each exhibited at the Establishment without payment to or authorization from Plaintiff. Defendants willfully engaged in wrongful acts to intercept and/or receive each of the Programs for free or at a

nominal cost or assisted in such actions and exhibited or assisted in the exhibitions of the Programs at the Establishment, while Plaintiff's legitimate customers paid substantially more for the proper commercial sublicenses. Defendants knew or should have known the interception and/or receipt and exhibition of each of the Programs at their Establishment was not properly authorized.

12. The broadcasts of the Programs at the Establishment were not for private viewing and were not for residential, non-commercial purposes. The public displays of the Programs at the Establishment were to entice patrons to the Establishment to spend money on the dates of the Programs.

13. Defendants intentionally pirated or assisted in the intentional piracy of the Programs for the purpose of their own economic gain. Defendants exhibited the Programs or assisted in the exhibitions of the Programs for the commercial purpose of attracting paying customers, patrons, and guests, thereby wrongfully benefiting financially by infringing upon Plaintiff's rights.

14. Defendants did not have license, authorization, permission, or consent from Plaintiff to exhibit the Programs in the Establishment.

15. By virtue of their position(s) as it relates to the Establishment, Defendants, Elisha Collins, a/k/a Elisha Collins Salter, and Cedrick Wayne Salter, a/k/a Wayne Salter had the right and ability to supervise and had an obvious and direct financial interest in the activities of the Establishment at all relevant times.

16. At the time of the wrongful conduct described herein, Defendants' agents, servants, and employees were in fact Defendants' agents, servants, and employees and acting within the scope of their employment and authority as Defendants' agents, servants, and employees.

## SATELLITE [47 U.S.C. § 605] AND CABLE [47 U.S.C. § 553] PIRACY

17. Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation and averment set forth in the above paragraphs of this Complaint with the same force and effect as if the same were more fully set forth at length herein.

18. Defendants' unauthorized exhibitions of the Programs were accomplished through the interception and/or receipt of satellite signals or, in the alternative, through cable signals. Defendants' violations were willful and for purposes of commercial advantage or private financial gain.

19. Defendants' wrongful actions, in connection with the unauthorized exhibitions of the Programs, as described above, violate 47 U.S.C. § 605. By reason of Defendants' violations of 47 U.S.C. § 605, Plaintiff has standing and capacity to bring a private right of action.

20. Pled in the alternative, Defendants' wrongful actions, in connection with the unauthorized exhibitions of the Programs, as described above, violate 47 U.S.C. § 553, and by virtue of same, Plaintiff has standing and capacity to bring a private right of action.

21. Defendants' wrongful actions, in connection with the unauthorized exhibitions of the Programs, as described above, violate (in the alternative to the extent necessary) 47 U.S.C. §§ 605 or 553.

22. Accordingly, as to each violation, Plaintiff is entitled to judgment in its favor and against each Defendant for statutory damages, in the discretion of this Court, plus interest, costs, and attorney's fees pursuant to 47 U.S.C. § 605 or, alternatively, pursuant to 47 U.S.C. § 553.

## PRAYER

WHEREFORE, Plaintiff prays for judgment in favor of Plaintiff and against each Defendant as follows:

    a.    for statutory damages, in the discretion of this Court, of up to the maximum amount of $10,000.00 for the violation of 47 U.S.C. § 605 or, alternatively, for the violation of 47 U.S.C. § 553 in connection with piracy of the Spence-Garcia Program,

    b.    for statutory damages, in the discretion of this Court, of up to the maximum amount of $10,000.00 for the violation of 47 U.S.C. § 605 or, alternatively, for the violation of 47 U.S.C. § 553 in connection with piracy of the Mayweather-Paul Program,

    c.    for additional statutory damages, in the discretion of this Court, of up to the maximum amount of $100,000.00 for the willful violation of 47 U.S.C. § 605 or, alternatively, for additional statutory damages, in the discretion of this Court, of up to the maximum amount of $50,000.00 for the willful violation of 47 U.S.C. § 553 in connection with piracy of the Spence-Garcia Program,

    d.    for additional statutory damages, in the discretion of this Court, of up to the maximum amount of $100,000.00 for the willful violation of 47 U.S.C. § 605 or, alternatively, for additional statutory damages, in the discretion of this Court, of up to the maximum amount of $50,000.00 for the willful violation of 47 U.S.C. § 553 in connection with piracy of the Mayweather-Paul Program,

    e.    for Plaintiff's attorney's fees, interest, and costs of suit pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) or, alternatively, pursuant to 47 U.S.C. § 553(c)(2)(C), and

    f.    for such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

JAMIE KING, P.C.

*/s/ Jamie King*
Jamie King
Attorney-in-Charge
State Bar No. 24043755
P.O. Box 5757
Kingwood, Texas 77325
(832) 584-0106 Telephone
(888) 247-0443 Facsimile
jamie@jamiekingpc.com

ATTORNEY FOR PLAINTIFF,
JOE HAND PROMOTIONS, INC.